IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. ARNOLD,

    Plaintiff,                        No. CIV S-02-1622 FCD GGH P

    vs.

WALLY LAFFAYETTE,

    Defendant.                      FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion for summary judgment filed March 14, 2005.

        Plaintiff has not filed an opposition to defendant's motion. In the order directing service filed April 11, 2003, the court stated that "[i]f plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion." See Local Rule 78-230 (m). Defendant's notice of motion also directed plaintiff to Local Rule 78-230 for information regarding summary judgment. In addition, by order filed on April 11, 2005, plaintiff was reminded, inter alia, that he had not yet filed an opposition to the pending summary judgment motion, the court therein noting that he had been advised by orders filed on November

7, 2002 and on April 11, 2003 of the requirements for opposing a summary judgment motion.

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. <u>Martinez v. Stanford</u>, 323 F.3d 1178 (9th Cir. 2003); <u>Brydges v. Lewis</u>, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing <u>Henry v. Gill Industries, Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. <u>Id</u>.

In the instant case, plaintiff has been repeatedly warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion. Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendant's motion for summary judgment. In the alternative, the court finds that defendant's motion has merit.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's March 14, 2005, motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 5/17/05

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

arno1622.46