IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. ARNOLD,

    Plaintiff,                            No. CIV S-02-1622 FCD GGH P

    vs.

WALLY LAFFAYETTE,

    Defendant.                        ORDER &

                                        /          FINDINGS AND RECOMMENDATIONS

       On June 3, 2005, plaintiff filed objections to the Findings and Recommendations, filed on May 18, 2005. That document was not served on defendant. Plaintiff has been repeatedly advised that every document submitted to the court for consideration must be served on defendant.[1] Fed. R. Civ. P. 5; see orders, filed on August 18, 2003, September 22, 2003,

---

[1] Documents not to be served electronically are usually served by placing a copy in the U.S. mail. If an attorney has filed a document with the court on behalf of any defendant, then documents submitted by plaintiff must be served on that attorney and not on the defendant. Every document submitted conventionally to the court (e.g., by a prisoner proceeding pro se) must include a certificate stating the date an accurate copy of the document was mailed to defendant or his attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c).

1

March 17, 2004.

On May 18, 2005, the undersigned recommended granting defendants' March 14, 2005 motion for summary judgment for plaintiff's failure to oppose the motion, alternatively finding that the motion had merit. However, the court's most recent review indicates that plaintiff <u>did</u> file an opposition to defendant's motion for summary judgment on April 27, 2005, albeit he once again <u>did not serve</u> the motion and the opposition was untimely.[2]

Because the court's May 18, 2005 Findings and Recommendations were predicated largely on plaintiff's failure to file an opposition to the motion for summary judgment altogether, and even though the opposition plaintiff did file was defective as both untimely and unserved,[3] as noted, the court will vacate those Findings and Recommendations.

Instead, the court will recommend dismissal of this action for plaintiff's repeated failure to comply with court orders, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 11-110. In this court's order, filed on August 18, 2003, plaintiff was advised that he "must serve any future document filed in this court in this action upon defendant and must include a proper certificate of service with such filing; failure to do so may result in a recommendation that this action be dismissed on that ground alone...." In the court's September 22, 2003 order, plaintiff was directed to serve a copy of his opposition to defendant's motion to dismiss within 15 days and informed: <u>"Failure to do will result in a recommendation of dismissal of this action pursuant to Fed. R. Civ. P. 41(b) and Local Rule 11-110 for plaintiff's repeated failure to obey a court order</u>." [Emphasis in original.]   In the order filed on March 17, 2004, plaintiff was warned that his "failure to properly serve any future filing will result in any such filing being disregarded and

---

[2] Even applying the mailbox rule, wherein plaintiff's opposition would be deemed filed as of April 21, 2005, the opposition was filed untimely.

[3] In the order directing service filed April 11, 2003, the court stated that "[i]f plaintiff *does not serve* and file a written opposition to the motion [for summary judgment] or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion."

may result in a recommendation of dismissal, pursuant to Fed. R. Civ. 41(b) and Local Rule 11-110."

Notwithstanding the court's repeated admonitions, plaintiff has subsequently failed to properly serve upon defendant his belated opposition to a motion for summary judgment motion and his pending June 3, 2005 objections. The undersigned will now invoke the sanction that plaintiff has, almost unremittingly, invited and will recommend dismissal of this action for plaintiff's repeated failure to comply with orders of this court, the Federal Rules of Civil Procedure and the Local Rules, despite the many opportunities afforded him to do so.

Accordingly, IT IS HEREBY ORDERED that the May 18, 2005 Findings and Recommendations are vacated.

IT IS RECOMMENDED that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) and Local Rule 11-110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/14/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
arno1622.ofr